IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CONSERVATION CONGRESS; CITIZENS     )
FOR BETTER FORESTRY; MARY LEE       )
STEFFENSEN; and KAREN WILSON,       )   2:08-cv-02483-GEB-DAD
                                    )
            Plaintiffs,             )   ORDER DENYING PLAINTIFFS'
                                    )   MOTION*
       v.                           )
                                    )
UNITED STATES FOREST SERVICE,       )
                                    )
            Defendant.              )
_____)
```

Plaintiffs move under Federal Rule of Civil Procedure ("Rule") 54(d)(1) for an order vacating the Clerk's Taxation of Costs in the amount of $3,561.54 entered on March 24, 2010. The costs were awarded to Defendant for "costs it incurred in having an independent vendor copy" "the administrative record, including scanning the record into electronic format." (Def.'s Reply in Support of Bill of Costs 2:2-3, 15-16.)

Rule 54(d) prescribes that "costs-other than attorney's fees-should be allowed to the prevailing party" unless a federal statute, Federal Rule of Civil Procedure, or court order provides otherwise. "[C]ourts may tax only costs defined in 28 U.S.C. § 1920."

---

\*   This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

Alflex Corp. v. underwriters Labs., Inc., 914 F.2d 175, 176 (9th Cir. 1990).

"Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, requiring the losing party to show why costs should not be awarded." State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc., 425 F.3d 708, 723 (9th Cir. 2005). "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of the award. The presumption itself provides all the reason a court needs for awarding costs[.]" Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

Plaintiffs argue the "labor costs" involved with compiling and copying the administrative record are not taxable costs. However, 28 U.S.C. § 1920(4) defines taxable costs to include "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4) (emphasis added); Further, the pertinent portion of Eastern District California Local Rule 138(b) prescribes: "Due to the unusual size of administrative records, attorneys shall . . . submit . . . a mandatory courtesy copy . . . for the assigned Judge. . . ." See also E.D. Cal. R. 292(f)(5) ("Items taxable as costs include . . . fees for . . . copies of papers necessarily obtained for use in the action"); 21A Federal Procedure, Lawyers Edition § 51:101 (2008) (providing that the taxable costs provided in 28 U.S.C. § 1920(4) have been "extended to include a prevailing party's costs of electronic scanning and imaging"). Therefore, Plaintiffs' challenge to taxed costs for "making copies" of the administrative record is rejected.

1      Plaintiffs also argue the "equities and public interest at
2 stake" in National Environmental Policy Act and National Forest
3 Management Act cases "brought by non-profit, public interest
4 organizations" disfavor the "excessive" award of costs in this case.
5 (Plts.' Mot. 4:18, 7:5.)  However, only two Plaintiffs are non-profit
6 organizations, while the remaining two are private individuals.
7 Further, it has long been accepted that taxation of costs is the "fair
8 price of unsuccessful litigation," and "a normal incident of defeat."
9 Baez v. U.S. Dept. of Justice, 684 F.2d 999, 1003 (D.C. Cir. 1982) (en
10 banc) (quoting Delta Air Lines, Inc. v. August, 450 U.S. 346, 352
11 (1981)).  Additionally, the amount of the costs here have not been
12 shown to be an amount capable of chilling future challenges to
13 environmental decisions as Plaintiffs argue.  See generally, e.g.,
14 Save Our Valley, 335 F.3d at 946 (affirming an award of costs to the
15 prevailing defendants where "[t]he district court might have believed
16 that this relatively small sum–$5,310,55–would not 'chill' future
17 civil rights litigation . . . .").  Moreover, Plaintiffs' argument
18 that six copies is excessive is "not sufficiently persuasive to
19 overcome the presumption in favor of the award", Save Our Valley, 335
20 F.3d at 945, in light of Defendant's argument that these copies were
21 "not simply for the convenience of counsel" but that they were made
22 for the Court, each of the parties, and the various United States
23 agencies involved in the litigation.  (Def.'s Opp'n 10:1-24.)
24      Lastly, Plaintiffs argue "[t]he Clerk did not wait for the
25 ten-day objection period to expire" before taxing and entering costs.
26 This argument is unavailing.  Local Rule 292 states "if no objection
27 has been filed" to a bill of costs "within *seven* days" "the Clerk
28 shall proceed to tax and enter costs."  E.D. Rule 292(c)(d) (emphasis

3

added).  Here, Defendant submitted its bill of costs on June 5, 2009 and Plaintiffs filed their objections on June 18, 2009.  Defendant *renewed* its request for a bill of costs on March 18, 2010, following resolution of Plaintiffs' appeal; the renewal request raised no new arguments.  Plaintiffs filed objections *eleven* days after Defendant's renewal of its request for bill of costs.  These objections were untimely under the local rules and were made after costs were taxed.  Further, the objections made the same arguments on which Plaintiffs rely to have the Clerk's taxation of costs vacated.  For the stated reasons, the Clerk properly taxed the costs, and Plaintiffs' motion is DENIED.

Dated:  June 18, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge